J-A08033-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| B.S. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | v. | |
| D.M.S. | | |
| | Appellant | No. 1340 WDA 2018 |

Appeal from the Order Dated August 21, 2018
In the Court of Common Pleas of Fayette County
Civil Division at No: 1169 of 2016, G.D.

BEFORE:  PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

CONCURRING STATEMENT BY STABILE, J.:          FILED JUNE 11, 2019

I concur fully with the learned Majority's conclusion that the trial court did not err in granting primary custody of Child to Father under the circumstances of this case.  I write solely to express my view that while this was not a relocation case, the Majority nonetheless properly reviewed whether the court considered several relocation factors, and to elaborate on Mother's last issue that the trial court relied too heavily on the fact Child would not have a "father figure" at Mother's home.

Chapter 53 of the Domestic Relations Code pertaining to Child custody defines "relocation" as "[a] change in a residence of the Child which significantly impairs the ability of a non-relocating party to exercise custodial rights."  23 Pa.C.S.A. §5322.  In D.K. v. S.P.K., 102 A.3d 467 (Pa. Super. 2014), this Court held that in a custody case where neither parent is seeking

to relocate, and only the children would be moving to a significantly distant location if custody shifted from one parent to another, the relocation provisions under Section 5337 of the Child Custody Act are not, per se, triggered. However, to the extent there are relevant factors under Section 5337(h) relating to relocation that should be considered under the best interest analysis when awarding custody under Section 5328(a), a court should consider those relocation factors under the custody catchall provision of Section 5328(a)(16). Here, the parties were operating under a Custody Consent Order dated August 11, 2016, wherein Mother had primary physical custody of Child. Father at that time was already residing in the State of Minnesota. This appeal was precipitated after a domestic violence incident occurred between Mother and her paramour on May 27, 2017, just days prior to a court hearing. Until the matter could be resolved, the trial court directed that Child remain with Father in Minnesota. Father then filed a petition for primary custody that was the subject of a custody trial conducted on July 6, 2018. That hearing resulted in the order under appeal dated August 21, 2018, which removed primary custody from Mother and placed primary custody with Father in Minnesota.

Respectfully, I therefore disagree with the Majority's statement that "[b]ecause the request to change would result in a relocation of Child, the court was required to consider the relocation factors set forth in Section 5337(h). Majority Memorandum at 11. This was not a relocation, as neither parent was proposing to change their residence. Rather, the issue here was

- 2 -

whether primary custody of child should be changed from Mother to Father. If awarded to Father, that would require a significant shift in residence of Child to Father's home state of Minnesota, thus requiring consideration of any relocation factors that may be relevant. Despite my disagreement with the Majority's conclusion that the change would result in a relocation of Child, I concur in the Majority's analysis of the trial court's weighing of both custody and relocation factors to affirm the order awarding primary custody to Father. This comports with this Court's direction as stated in D.P. to consider any relevant relocation factors under Section 5328(a)(16), due to the shifting of primary custody of Child to a distant location.

I also concur with the Majority's conclusion that the trial court did not err in relying too heavily on the fact that Child, as Mother contends, would not have a "father figure" at Mother's home. I write to clarify why the court found this assertion to be in error and patently false. My review of the trial court's opinion reveals the trial court reasoned across several custody factors wherein it expressed concern about the domestic violence committed against Mother by her paramour. While Mother testified that her paramour was no longer a part of her life, the court was troubled by the fact that Mother was driving his truck while he was incarcerated and maintained contact with his Mother as well. The court found this relationship uncertainty a factor favoring Father. By way of comparison, the trial court found that Father's home included a positive female role model, while Mother's home did not have a positive male role model. It was in the context of observing and commenting upon the

relative stability and environment within each of Mother's and Father's homes that the court made this comparison. The trial court did not in any manner base its decision to award primary custody to Father upon the absence of a "father figure" in Mother's home.

In all other respects, I fully concur with the learned Majority's Memorandum.